UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
EXXONMOBIL OIL CORPORATION,            :
                      Plaintiff,    :
:              24 Misc. 177 (LGS)
      -against-                   :
:              **ORDER**
JA DAKIS CAPITAL LLC,                  :
                      Defendant.    :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiff ExxonMobil Oil Corporation seeks to redact and file under seal portions of a complaint and exhibits that Plaintiff plans to bring against Defendant JA Dakis Capital LLC to recover an alleged debt from Defendant's purchase of fuel;

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the complaint and exhibits are judicial documents. The documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119. "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016). The presumption of public access is particularly strong for these documents. *See id.* at 142 ("[W]e easily determine that the weight of the presumption here is strong. Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power.").

WHEREAS, "a strong presumption of access attaches" because these are documents "used to determine litigants' substantive legal rights." *See Lugosch*, 435 F.3d at 121.

WHEREAS, one consideration that may override the presumption of public access is the

confidentiality of sensitive commercial information.  *Syntel*, 2021 WL 1541385, at *3.  That the information Plaintiff seeks to redact may be subject to the confidentiality clause of an agreement between Plaintiff and Defendant is insufficient to overcome the presumption of public access.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." (collecting cases)).  However, Plaintiff's proposed redactions are "narrowly tailored to protect against competitive harm" and thereby outweigh the presumption of access accorded to these filings.  *See Syntel*, 2021 WL 1541385, at *3.  The only exhibits Plaintiff seeks to seal are (1) the parties' contract, which contains sensitive terms and conditions and pricing information, and (2) invoices, which contain detailed aspects of the parties' operations such as pricing and volume.  The limited portions of the complaint Plaintiff seeks to redact reference the information described above.  It is hereby

**ORDERED** that Plaintiff's motion to file a redacted complaint and to file Exhibits 1 and 2 of the complaint under seal is **GRANTED**.  Plaintiff shall follow the sealing instructions in Rule 6.14 of the S.D.N.Y. Electronic Case Filing Rules & Instructions in initiating a new civil case.

The Clerk of Court is respectfully directed to close the motion at Dkt. 1 and to close this case.

Dated: April 18, 2024
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**